UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UUNET TECHNOLOGIES, INC. and                         ORDER
MCI WORLDCOM COMMUNICATIONS, INC.,       04 CV 474 (GBD)(DFE)
                    Plaintiffs,

        -against-

GOSIGNUP.COM, INC.,
INNERX COMMUNICATIONS, INC., and
CHRIS JONES, a/k/a
HANS CHRIS JONES, individually,

                    Defendants.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

   In an action for breach of contract and trademark infringement, all the defendants failed to timely answer or otherwise move with respect to the complaint. This Court granted plaintiffs' motion for a default judgment against the defendants. The matter was referred to Magistrate Judge Douglas F. Eaton for an inquest on damages.

   *Pro se* defendant Chris Jones, a resident of Georgia, submitted a written statement to the magistrate judge denying plaintiff's allegations that he is the alter ego of the two defendant companies.[1] He requested that no judgment be entered against him personally, and proffered a detailed explanation as to why plaintiffs' claims are purportedly meritless. Magistrate Judge Eaton suggested defendant Jones make an application before this Court to vacate the default. Thereafter, defendant Jones filed an affidavit to have the default judgment "removed." The motion to vacate the default was referred to Magistrate Judge Eaton for a Report and Recommendation ("Report").

   Magistrate Judge Eaton deemed Jones' submissions to constitute a motion to vacate the

---

[1] In Jones' statement, he indicates that "[b]y October, 2002 both [defendants] Gosignup.com and InnerX were terminated and all employees let go."

default, or in the alternative, to transfer the case to the United States District Court for the Northern District of Geogia.  The magistrate judge, on his own initiative, raised the issue of personal jurisdiction over the defendants, and he gave the parties an opportunity to brief the issue.

In the Report, Magistrate Judge Eaton found that personal jurisdiction over the defendants was lacking.  He also found that "Mr. Jones and the two corporate defendants appear to have potentially meritorious defenses . . ." (Report at 11).  He recommended that the default judgments against all defendants be vacated, and that the action be transferred to the Northern District of Georgia.  The Report indicates that a substantial portion of the events, giving rise to this action, occurred in Georgia where that the defendants would be subject to personal jurisdiction.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report.  28 U.S.C. § 636(b)(1).  When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made.  Id.; Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record."  Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).  Magistrate Judge Eaton advised the parties that failure to file timely objections to the Report would result in a waiver of those objections and preclusion of appellate review.  None of the parties filed objections and the time to do so has expired.

After reviewing the Report, the Court finds that the record is not facially erroneous.  This court adopts the magistrate judge's finding that "our court lacks personal jurisdiction over these

three defendants . . ." (Report at 12). Vacatur of the default judgments is appropriate. The New York long-arm statute fails to afford this Court the requisite personal jurisdiction over the defendants, nor would litigation of this matter in New York comport with due process. Rather than transferring this action, this Court orders that the action be dismissed without prejudice to plaintiffs refiling the action in the appropriate district court.[2]

The magistrate judge's recommendation that the default judgments be vacated is adopted. The action is dismissed without prejudice to refiling the action in the United States District Court for the Northern District of Georgia.

Dated: New York, New York
September 26, 2006

SO ORDERED:

*George B. Daniel*
GEORGE B. DANIELS
United States District Judge

---

[2] After numerous unsuccessful attempts to contact plaintiffs' counsel, counsel was finally contacted and indicated that it had not been determined by his clients whether or not they intend to pursue this case in Georgia.

3